# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PAULA C. TAYLOR, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:12-CV-03480-RDP |
| JEFFERSON COUNTY DEPARTMENT OF HEALTH, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Dismiss and Brief in Support thereof. (Docs. # 22 and 22-1). Plaintiff has responded to Defendant's motion (Doc. # 24), which is now under submission and ready for decision. After careful review, the court concludes that Defendant's motion is due to be granted.

Plaintiff's July 12, 2013 Amended Complaint (Doc. # 19) contains the following claims:

1.      Count One alleges a race discrimination claim under Title VII based on employment decisions made in approximately June 2008, June 2010, and September 2010 (Doc. # 19 at 3-4);

2.      Count Two alleges a race discrimination claim under Section 1981 based on the same employment decisions as Count One (Doc. # 19 at 4-6); and

3.      Count Three alleges a Retaliation claim under Title VII and Section 1981. Plaintiff asserts that she complained of race discrimination on November 6, 2010 and was denied an opportunity to attend school while continuing to work. (Doc. # 19 at 6).

**I.      Plaintiff's Title VII claims are time barred.**

The alleged employment decisions at issue in Count One occurred in June 2008, June 2010,

and September 2010.  A plaintiff may not sue for an unlawful employment practice under Title VII, such as race discrimination or retaliation, unless she first files a charge of discrimination with the EEOC within 180 days of that unlawful employment practice. *See* 42 U.S.C. § 2000e–5(e)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  From the evidence in the record, the earliest date on which Plaintiff arguably filed her EEOC charge was on or about August 1, 2011, which is substantially more than 180 days after the last challenged employment decision occurred.  Therefore, Count One of Plaintiff's Amended Complaint is due to be dismissed.

## II.     Plaintiff's Claims under Section 1981 or Section 1983 are due to be dismissed.

It is well-settled that any claim against a state actor for a § 1981 violation must be asserted under § 1983.  *Bryant v. Jones*, 575 F.3d 1281, 1288 n. 1 (11th Cir. 2009).  The Defendant in this case is an arm of Jefferson County, and therefore is a state agency.  *Ross v. Jefferson County Dept. of Health*, 701 F.3d 655, 661 (11th Cir. 2012).  However, a state entity is not a "person" subject to suit under § 1983.  *Lapides v. Bd. of* Regents, 535 U.S. 613, 617 (2002); *Carr v. Bd. of Regents of the Univ. Sys.*, 249 Fed.Appx. 146, 148 (11th Cir. 2007).  Not only is Defendant not a "person" subject to suit for violations of § 1981 asserted against a state actor under § 1983, the Supreme Court has held that Eleventh Amendment immunity bars § 1983 suits against state governmental entities in federal court due to Congress's lack of clear intent to abrogate Eleventh Amendment immunity for claims brought pursuant to § *1983. See Quern v. Jordan*, 440 U.S. 332 (1979). For these reasons, Plaintiff's § 1981 race discrimination and retaliation claims brought pursuant to § 1983, are all due to be dismissed.

## III.    Plaintiff's Retaliation Claim Fails to State a Claim

Count Three of Plaintiff's Amended Complaint appears to assert a retaliation claim under

both Title VII and Section 1981 based upon a November 6, 2010 complaint of race discrimination and allegations of retaliation in the form of Defendant not allowing Plaintiff to attend school while she was working. (Docs. # 19 at 6; 24 at 5). As already noted, Plaintiff has asserted retaliation claims under both Sections 1981 and 1983, and Title VII. The court addresses those claims in turn.

For the reasons discussed above, Defendant is not subject to suit under Sections 1981 and 1983; therefore, her retaliation claim under those sections is due to be dismissed. To state an actionable retaliation claim under Title VII, a plaintiff must allege that she suffered an adverse employment actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 60-61 (2006) (quotations omitted). However, also as discussed above, a plaintiff may not sue for retaliation under Title VII unless she first files a charge with the EEOC within 180 days of the alleged retaliation. *See* 42 U.S.C. § 2000e–5(e)(1); *Wilkerson*, 270 F.3d at 1317. As Plaintiff's Amended Complaint indicates, the date she claims she complained of discrimination was also the date she complained of retaliation in the form of allegedly being denied the opportunity to attend school and remain employed: November 6, 2010. (Doc. # 19 at 6; Doc. # 24 at 5). However, the only EEOC charge in evidence was filed at the earliest August 1, 2011, more than 180 days after that event. Accordingly, Plaintiff has failed to allege or establish that she filed a timely EEOC charge asserting this retaliation claim. Therefore, Count Three of the Amended Complaint fails to satisfy the applicable pleading standards. *See* Fed.R.Civ.P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As Plaintiff has failed to properly plead her claims, they are due to be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. # 22) is due to be granted.

A separate order will be entered.

**DONE** and **ORDERED** this     4th     day of September, 2013.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　R. DAVID PROCTOR
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE